UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 04-cr-40031-JPG |
| FRANKLIN M. WALKER, | |
| Defendant. | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on Franklin Walker's motion to compel the government to file Rule 35 motion (Doc. 48). The government has responded to Walker's motion (Doc. 49). For the following reasons, Walker's motion will be **DENIED**.

## BACKGROUND

On August 25, 2005, Walker pleaded guilty to an indictment charging him with conspiring to manufacture 50 grams or more of a mixture and substance containing methamphetamine, 42 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846, pursuant to a cooperating plea agreement with the government. Walker's plea agreement contained the following provision:

> Defendant and the Government agree that based upon substantial assistance rendered through the complete and total cooperation of Defendant, the Government may, in the sole discretion of the United States Attorney, file . . . a motion under Rule 35 of the Federal Rules of Criminal Procedure advising the Court of a recommended reduction in sentence. The Motion, if any, will only be filed if the assistance rendered by the Defendant is found to be complete and thoroughly truthful, regardless of the outcome of any trial or hearing at which the Defendant may testify. The Defendant understands that any reduction of sentence, and the extent of that reduction, lies in the discretion of the Court.

(Doc. 39 at 8). The Court accepted Walker's plea and sentenced him to 262 months' imprisonment.

Walker claims he provided the government substantial assistance in accordance with his obligations under the agreement. Because the Assistant United States Attorney assigned to the case, Amanda Robertson, has not yet filed a motion pursuant to Rule 35, Walker claims the government has welched. In response, AUSA Robertson states that the government has not yet used the information provided by Walker in his proffer interview: "While the Government still believes that there is a good chance that defendant's information will ultimately serve to substantially assist the Government, as of the date of the filing of this motion, defendant's information has not been used, in any way, by the Government." (Doc. 49 at 2). According to Robertson, "If and when dependant's information does equate to substantial assistance, the Government will file the appropriate motion." (*Id.*).

## **ANALYSIS**

Under the agreement, the government has discretion to file a Rule 35 if Walker provides substantial assistance. The government's discretion is not unchecked, for it must not make its decision whether or not to file such a motion on unconstitutional grounds. *See Wade v. United States*, 504 U.S. 181, 186 (1992). Thus, it may not refuse to file a Rule 35 based on an unconstitutional motive (*e.g.*, because of a defendant's race) or for a reason not rationally related to a legitimate government end. *Id*.

This Court must afford a "presumption of regularity to prosecutorial decisions, so that in the absence of clear and convincing evidence to the contrary, [it must] presume[] that they have properly discharged their official duties." *United States v. Miller*, 458 F.3d 603, 605 (7th Cir. 2006) (internal quotation marks omitted). Here, the government has provided a rational basis for its failure to file a Rule 35 motion: Walker's failure to provide it with substantial assistance. *See id*. As such, this Court can only allow further discovery or hold a hearing if Walker makes a

"substantial threshold showing" of unconstitutionality.  *Wade*, 504 U.S. at 186; *accord United States v. Wilson*, 390 F.3d 1003, 1007 (7th Cir. 2004).

Walker has offered nothing to show that the government has declined to file a Rule 35 motion thus far for an unconstitutional reason.  There is simply nothing before the Court that suggests that the government acted improperly.

## CONCLUSION

Walker's motion (Doc. 48) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 11, 2007**

                                           s/ J. Phil Gilbert
                                           **J. PHIL GILBERT**
                                           **DISTRICT JUDGE**